900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Louise ALEXANDER, Defendant-Appellant.
 No. 89-5673.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 22, 1990.
Decided: April 5, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, District Judge. (CR-89-55)
 Talmage Newton Penland, Asheville, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney; Jerry W. Miller, Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Barbara Louise Alexander, who had previously been convicted of a felony, was convicted in the United States District Court for the Western District of North Carolina of possessing a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924. Alexander contends on this appeal that there was insufficient circumstantial evidence to sustain the conviction and that the trial court erred in instructing the jury concerning the statutes under which she was convicted.
 
 
 2
 In July 1988, FBI Agent Steve White and other enforcement officers entered a residence occupied by the defendant and Jackie Messer. The officers had an arrest warrant for Messer, who was arrested and removed from the premises. Alexander, at Agent White's request, granted permission for him to search the residence. White subsequently advised her that he wished to inspect a hiding place behind wall paneling. She agreed, removed the paneling, and voluntarily pulled from the hiding place $21,000 in cash. Further search by White uncovered four firearms in the hiding place and blank application forms for driver licenses. After further search of the living room, White also found a disassembled gun in a closed cigar-type box. Alexander denied to White any knowledge of the other contents of the hiding place but an expert testified that her fingerprints were on the application forms discovered there. Government evidence also established that the guns were manufactured at locations outside of North Carolina.
 
 
 3
 On appeal, Alexander contends that there was insufficient evidence to establish that she constructively possessed the weapons or that there was a nexus with interstate commerce as required by the statutes. In our view, there is no merit to these contentions, Scarborough v. United States, 431 U.S. 563 (1977), nor to her contention that the district court's instructions to the jury were improper. United States v. Hester, 880 F.2d 799, 803 (4th Cir.1989).
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.